IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOYCE TOTH, an individual,                )<br>                                                            )<br>                                                            )<br>            Plaintiffs,                       )<br>vs.                                                       )<br>                                                            )<br>EVERLY WELL, INC. and EVERLY       )<br>HEALTH, INC.,                                  )<br>                                                            )<br>            Defendants.                  )<br>_____)  | Case No. 1:23-cv-11043-RGS |

**DEFENDANTS EVERLY WELL, INC. AND EVERLY HEALTH, INC.'S MOTION TO COMPEL ARBITRATION OR ALTERNATIVELY TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Everly Well, Inc. and Everly Health, Inc. (together, "Everlywell") submit this Motion to Compel Arbitration or Alternatively to Dismiss Plaintiff's Complaint pursuant to the Federal Arbitration Act, 9 U.S.C § 2, and Fed. Rs. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff Joyce Toth's claims against Everlywell are subject to an arbitration agreement entered into by the parties that provides for disputes to be resolved in binding individual arbitration, pursuant to the rules of the American Arbitration Association, in Austin, Texas. Accordingly, the Court should compel arbitration of Plaintiff's claims and dismiss her complaint.

Should the Court decline to compel arbitration, the Court should nevertheless dismiss Plaintiff's Complaint for multiple reasons. First, Plaintiff has contractually waived her ability to bring claims on behalf of a class.  However, the sole basis Plaintiff pleads for this Court's subject matter jurisdiction is pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff has no right to bring claims on behalf of a class, this Court lacks subject matter jurisdiction over her state law claims. Second, Plaintiff lacks standing to assert her own claims

because she has not alleged any injury arising from Everlywell's supposed misrepresentations, nor does she face prospective harm from those representations as needed to seek injunctive relief. Third, Plaintiff lacks standing to assert claims on behalf of absent class members under other states' consumer protection laws, and the variation between state laws would warrant striking her nationwide class claim in any event. Fourth, Plaintiff cannot pursue a claim for unjust enrichment because she has an adequate remedy at law. Fifth, Plaintiff fails to state a claim because she has not alleged any false or deceptive act or practice by Everlywell capable of deceiving a reasonable consumer.

WHEREFORE, for these reasons, detailed in the accompanying Memorandum in Support of Defendants Everly Well, Inc. and Everly Health, Inc.'s Motion to Compel Arbitration or Alternatively to Dismiss Plaintiff's Complaint, Everlywell respectfully requests that this Court compel arbitration of Plaintiff's claims and dismiss her complaint or, in the alternative, dismiss her complaint.

|  |  |
|---|---|
| Respectfully submitted, | Dated: July 3, 2023 |

*/s/ Katherine M. Peaslee*
Katherine M. Peaslee (*pro hac vice*)              William F. McGonigle (BBO #569490)
SUSMAN GODFREY L.L.P.                              Arrowood LLP
401 Union Street, Suite 3000                       10 Post Office Square, 7th Floor South
Seattle, WA 98101                                  Boston, MA 02109
Phone: (206) 516-3880                              (617) 849-6200
Fax: (206) 516-3883                                wmcgonigle@arrowoodllp.com

Krysta Kauble Pachman, (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
kpachman@susmangodfrey.com

*Attorneys for Defendants*
*Everly Well, Inc. and Everly Health, Inc.*

## COMPLIANCE WITH L.R. 7.1

Pursuant to Local Rule 7.1, the undersigned conferred with counsel for Plaintiff in good faith to resolve or narrow the issues. The parties were unable to resolve this matter.

*/s/ Katherine M. Peaslee*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Katherine M. Peaslee*